NATURAL RESOURCES DEFENSE COUNCIL, INC., Project on Clean Air, Save America's Vital Environment, Inc., Janey Weber and Susanne Allstrom, Petitioners,

v.

ENVIRONMENTAL PROTECTION AGENCY, Respondent.

No. 72–2402.

United States Court of Appeals, Fifth Circuit.

July 28, 1975.

Richard E. Ayres, Washington, D. C., Ogden Doremus, Savannah, Ga., for petitioners.

Russell E. Train, Administrator, Environmental Protection Agency, Kent Frizzell, Asst. Atty. Gen., Edmund B. Clark, John D. Helm, Attys., Dept. of Justice,

---

Charles W. Shipley, Pollution Control Sec., Dept. of Justice, Washington, D. C., for respondent.

Joe Resweber, County Atty., Harris County, Charles J. Wilson, Asst. County Atty., Houston, Tex., amicus curiae, for Harris County.

Arthur K. Bolton, Atty. Gen., Robert S. Stubbs, II, Executive Asst. Atty. Gen., Don A. Langham, Robert S. Bomar, Asst. Attys. Gen., Robert E. Hall, Deputy Asst. Atty. Gen., Atlanta, Ga., for State of Georgia.

Before WISDOM, DYER and INGRAHAM, Circuit Judges.

PER CURIAM.

In our earlier opinion rendered in this case, Natural Resources Defense Council, Inc. v. Environmental Protection Agency, 5 Cir. 1974, 489 F.2d 390, we held, *inter alia*: "It was inconsistent with [the Clean Air Act Amendments of 1970, 42 U.S.C. §§ 1857–58a] for Georgia to adopt its own variance procedures, and that the Administrator exceeded his authority in approving [Ga.Code Ann. § 88–912]." Accordingly, in that opinion we directed the Administrator to publish forthwith his disapproval of Ga.Code Ann. § 88–912. 489 F.2d at 403.

On certiorari, the United States Supreme Court reversed this portion of our opinion. Train v. Natural Resources Defense Council, Inc., 1975, 421 U.S. 60, 95 S.Ct. 1470, 43 L.Ed.2d 731. The Court held:

. . . [T]he Court of Appeals for the Fifth Circuit was in error when it concluded that the postponement provision of § 110(f) [43 U.S.C. § 1857c–5(f) is the sole method by which may be obtained specific ameliorative modifications of state implementation plans. The Agency had properly concluded that the revision mechanism of § 110(a)(3) [43 U.S.C. § 1857c–5(a)(3)] is available for the approval of those variances which do not compromise the basic statutory mandate that, with carefully circumscribed exceptions, the national primary ambient air standards be obtained is not more than three years, and maintained thereafter.

421 U.S. at 98, 95 S.Ct. at 1491, 44 L.Ed.2d at 757.

The portion of our earlier opinion inconsistent with this holding of the Supreme Court, reported as part III of our opinion, 489 F.2d at 398–403, is therefore withdrawn and vacated.